UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

              v.                                        5:01-CR-113
                                                                                 (FJS)

HECTOR HERNANDEZ,

                            **Defendant.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| OFFICE OF THE UNITED STATES ATTORNEY<br>100 South Clinton Street<br>P.O. Box 7198<br>Syracuse, New York 13261-7198<br>Attorneys for the United States of America | LISA M. FLETCHER, AUSA |
| HECTOR HERNANDEZ<br>FCI Raybrook<br>P.O. Box 9005<br>Raybrook, New York 12977<br>Defendant *pro se* | |

**SCULLIN, Chief Judge**

## ORDER

       This Court sentenced Defendant Hector Hernandez on February 12, 2003, to a term of 140-months incarceration to be followed by five years of supervised release. *See* Dkt. No. 445. At the time of Defendant Hernandez's sentencing, attorney Raymond Dague represented him. The Court entered a judgment of conviction against Defendant Hernandez on February 18, 2003. *See* Dkt. No. 449. Neither Defendant Hernandez nor his former counsel ever filed a Notice of Appeal from that judgment.

       On February 8, 2005, the Court received a letter from Defendant Hernandez, in which he

stated that, on the date of his sentencing, he asked his then-counsel Raymond Dague to file a Notice of Appeal on his behalf. *See* Dkt. No. 556 at 1. Since he had never heard from the courts, Defendant Hernandez asked the Court to review the file to see if Mr. Dague had filed a Notice of Appeal as he had requested. *See id.* After reviewing Defendant Hernandez's letter, the Court decided to construe it as a motion for an extension of time to file a Notice of Appeal and set a briefing schedule for that motion. *See* Dkt. No. 557.

Per the Court's instructions, on February 18, 2005, the Government filed a letter in opposition to this motion, in which it noted that "Mr. Hernandez had a maximum of 40 days in which to file a Notice of Appeal [and that] [h]e ha[d] missed his filing date, and his time for extension of that date, by nearly two years." *See* Dkt. No. 558 at 2. The Government also asserted that this was the first time that Defendant Hernandez had alleged that he had asked his then-attorney Raymond Dague to file a Notice of Appeal. *See id.*

In further support of its opposition to Defendant Hernandez's request, the Government submitted a letter that it had solicited from Mr. Dague, in which he stated that "he ha[d] no recollection of the defendant ever making . . . a request [that he file a Notice of Appeal], and that had the defendant done so, [he] certainly would have filed the Notice." *See id.* Based upon Mr. Dague's response, the Government argues that "[t]he absence of such notice, . . ., is evidence that the defendant made no such request of his attorney." *See id.* Therefore, the Government asked the Court to deny Defendant Hernandez's request.[1]

---

[1] In the alternative, the Government requested that, if "the Court find[s] that an issue of fact exists that it needs to resolve before issuing such an Order, . . . a hearing be scheduled at which time the Court can take, and consider, sworn testimony on this issue." *See* Dkt. No. 558 at 2.

On March 11, 2005, the Court received Defendant Hernandez's reply affidavit in further support of his request. *See* Dkt. No. 560. In this affidavit, Defendant Hernandez asserts that, following his sentencing hearing on February 12, 2003, he instructed his then-counsel Raymond Dague to file an appeal on his behalf "because it was stated to the defendant in court by Judge Scullin that the defendant's criminal history was over rated. [sic] Same thing that the defendant Hector Hernandez has been fighting with the U.S. Attorney's Office since my arrest on March 9th, 2001." *See id.* at ¶ 4. Defendant Hernandez also claims that, in response to this request, Mr. Dague stated that "'if you file an appeal all your [sic] going to do is upset the Judge and the U.S. Attorney because the [sic] gave you a fair deal. But if you still want to I'll file the Notice.'" *See id.* Defendant Hernandez further states that, at that point, he again instructed Mr. Dague to file an appeal on his behalf and to speak to Defendant Hernandez's former wife about the appeal. *See id.*

Moreover, Defendant Hernandez asserts that his former wife, Christine Hernandez, also spoke to Mr. Dague on February 12, 2003, about the appeal and that, at that time, she had a signed power of attorney from Defendant Hernandez giving her authority over all of his legal matters. *See id.* at ¶ 5. He also states that Ms. Hernandez called Mr. Dague's office on a number of occasions and left messages regarding Defendant Hernandez's appeal but that Mr. Dague did not answer those messages. *See id.*[2] Finally, Defendant Hernandez contends that, if he had known that he could have filed a Notice of Appeal on his own behalf and that the Court would have accepted it, he would have done so. *See id.* at ¶ 6.

---

[2] Defendant Hernandez notes that he has asked Ms. Hernandez to file a sworn affidavit setting forth the dates, times, and conversations that she had with Mr. Dague regarding Defendant Hernandez and his case. *See* Dkt. No. 560 at ¶ 5.

In a criminal case, pursuant to Rule 4(b)(1)(A)(i), a defendant has ten days after entry of judgment in which to file a Notice of Appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). Moreover, it is well-established in this Circuit that "[a]n untimely notice of appeal is a 'jurisdictional defect' that . . . require[s] 'dismissal of the appeal without reaching its merits.'" *United States v. Kinyua*, No. 02 CR. 173, 2002 WL 31357700, *1 (S.D.N.Y. Oct. 17, 2002) (quoting *United States v. Batista*, 22 F.3d 492, 493 (2d Cir. 1994) (per curiam)). However, Rule 4(b)(4) of the Federal Rules of Appellate Procedure permits a district court to extend a defendant's time to file a notice of appeal for an additional thirty days. *See* Fed. R. App. P. 4(b)(4).[3]

As noted, the Court entered a judgment of conviction against Defendant Hernandez on February 18, 2003. *See* Dkt. No. 449. Defendant Hernandez's letter to the Court seeking information about his Notice of Appeal is dated February 1, 2005, *see* Dkt. No. 556, almost two years after the entry of judgment. Therefore, if the Court were to construe Defendant Hernandez's letter as a Notice of Appeal, it would be untimely. Alternatively, assuming that the Court properly characterized this letter as a request for an extension of time to file a Notice of Appeal, the Court would have to deny this request as untimely because Defendant Hernandez filed it "after expiration of the thirty-day window" set forth in Rule 4(b)(4). *See* Fed. R. App. P. 4(b)(4); *Kinyua*, 2002 WL 31357700, at *2 (noting that the court could not make a letter that the

---

[3] Rule 4(b)(4) provides that

> [u]pon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4).

defendant filed after the expiration of Rule 4(b)(4)'s thirty-day window timely "by a *nunc pro tunc* extension of thirty days").

Finally, the Court notes that, in some circumstances, it would be appropriate for a district court to recharacterize a letter, such as Defendant Hernandez's, as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, raising a claim that his trial counsel was ineffective because he failed to file a Notice of Appeal. *See Kinyua*, 2002 WL 31357700, at *2 (holding that "[w]here counsel has not filed an appeal but has been asked by the defendant to do so, ineffective assistance is presumed." (citations omitted)). A court, however, cannot convert a request such as Defendant Hernandez's, or any other motion brought pursuant to a statute other than § 2255, into a § 2255 motion without the defendant's consent. *See id.* This is so because of the limitations that the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") places upon a petitioner's ability to bring a second or successive habeas corpus petition. *See id.* (footnote omitted); *Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998) (per curiam) ("If a district court receiving a motion under some other provision of the law elects to treat it as a motion under § 2255 and then denies it, that may cause the movant's subsequent filing of a motion under § 2255 to be barred as a 'second' § 2255. Thus a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated." (footnote omitted)).

Under the circumstances of this case, however, it would be futile for the Court to offer Defendant Hernandez the opportunity to consent to the recharacterization of his letter as a § 2255 petition because of § 2255's one-year statute of limitations. The AEDPA requires that a

-5-

defendant file a § 2255 petition within one year from "(1) the date on which the judgment of conviction becomes final . . ." 28 U.S.C. § 2255. Recently, the Second Circuit addressed the issue of at what point an unappealed federal criminal judgment becomes final for purposes of § 2255 and held "that, for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (to support this conclusion, the Second Circuit noted that, although neither the Supreme Court nor the Second Circuit had previously decided this issue, "[t]he two circuit courts of appeals to address this issue . . . have held that such a conviction becomes final when the time for filing a direct appeal expires." (citations omitted)).

As noted above, this Court entered judgment against Defendant Hernandez on February 18, 2003. *See* Dkt. No. 449. Thus, his conviction became final for purposes of the AEDPA on February 28, 2003, ten days after the Court entered the judgment, i.e., the date on which his time to file a direct appeal expired. Moreover, even if the Court were to take into consideration Rule 4(b)(4)'s additional thirty-day safety net, Defendant Hernandez's time to file a direct appeal would have expired on March 30, 2003. Since Defendant Hernandez failed to file his letter request – however construed – until, at the earliest, February 1, 2005, almost **two** years after his conviction became final, his request, if recharacterized as a § 2255 petition, would be untimely.

Accordingly, for all the above-stated reasons, the Court hereby

**DENIES** Defendant Hernandez's request to extend his time to file a Notice of Appeal on the ground that the Court lacks jurisdiction to grant such a request no matter how it characterizes the same.

**IT IS SO ORDERED.**

Dated: April 26, 2005
Syracuse, New York

Frederick J. Scullin, Jr.
Chief United States District Court Judge